JOHN MITCHELL and GEO. A. MITCHELL, *vs.*
ARUNDEL SMITH.

A motion for a writ of diminution may be made, even after the argument of a
   cause is commenced.   The party making the motion to pay costs, accord-
   ing to the rules of court.

APPEAL from Prince Georges county court.

This was an action for an assault and battery, committed by
the appellants on the appellee, and was instituted against them
jointly.   The sheriff returned the writ, " *Cepi,* John, *non est,*
Geo. A. Mitchell."   John appeared by attorney, and pleaded
*not guilty,* upon which issue was joined.   The cause being
thus separated, the plaintiff, after Geo. A. was taken under
an *alias writ,* moved that the cause against him should be
consolidated with the one against John, which consolidation
the court ordered.   The record then shows, that Geo. A. ap-
peared by attorney, and plead first, not guilty, and second,
that the plaintiff first made an assault upon the said John
Mitchell, the father of the defendant, Geo. A., and would
have beaten him, &c., unless he, the said Geo. A., had de-
fended him.   Issues were joined on both pleas.   The jury
rendered a general verdict that the defendants *are guilty,* &c.,
and assessed the damages at $500.   A motion was then made
in arrest of judgment, but no reasons were filed.   The court
overruled this motion and gave judgment upon the verdict
for the plaintiff, and the defendants appealed from this judg-
ment.

The cause was argued before LE GRAND, C. J., ECCLE-
STON, and MASON, J.

*Pratt* for the appellants, after discussing the propriety of
the court's order consolidating the causes, contended in the
second place, that the verdict was erroneous and could not
support the judgment, the only verdict being, that the defend-

Mitchell *vs.* Smith.

ants were guilty of the premises. The plea was not guilty on the part of John, and also on the part of Geo. A., that the assault was *son assault demesne.* Upon the latter plea the jury did not find a verdict. The jury must find all the matters put in issue. 1 *Missouri Rep.*, 401. That case is precisely the case at bar, and is confirmed by the Maryland decisions. 11 *G. & J.*, 405. 1 *Gill*, 249. 3rd. *H. & J.*, 115. He also cited on this point, *Gould on Plead.*, 495, 622. 7 *Halsted*, 342. 1 *Strange*, 410. 2 *Wilson*, 227.

*Thos. F. Bowie* for the appellee, then moved for a writ of diminution to have the record corrected in this particular. The counsel for the appellants resisted this motion upon the ground, that the points had all been made, and for a long time filed in the cause, and were well known to the counsel for the appellee, and the motion therefore comes too late. And second, conceding that a general verdict had been rendered there is no entry in the court below by which the clerk could correct the record.

The COURT being of opinion that the motion was made in time, ordered the writ to issue. The party making the motion must pay costs according to the rule.

*Writ of diminution ordered.*